IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPSILON ENERGY USA INC., | |
| Plaintiff, | |
| v. | Civil Action No. |
| CHESAPEAKE APPALACHIA, LLC, | Judge |
| Defendant. | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Epsilon Energy USA, Inc. ("Epsilon"), by and through its undersigned counsel, and in accordance with Rule 65 of the Federal Rules of Civil Procedure, hereby moves for preliminary injunctive relief against Defendant Chesapeake Appalachia, LLC ("CHK"). In support of its motion, Epsilon alleges as follows:

1. Epsilon seeks to enjoin CHK from blatantly and willfully disregarding Epsilon's right to drill new oil and gas wells under the parties' Joint Operating Agreements ("JOAs") and a Settlement Agreement and Release ("Settlement Agreement") signed in 2018.

2. In each JOA, the parties to that contract have agreed to combine their oil and gas assets in a defined geographic area in order to more efficiently produce oil and gas. The oil and gas interests that each party to the JOA (a "JOA Party")

1

owns or acquires in that geographical area are treated as joint property in which each JOA Party owns an undivided interest.

3. Under the JOAs, any JOA Party is entitled to propose the drilling of a well. Every other JOA Party can elect, but is not required, to participate in the well by paying its' pro rata share of the well's development costs (thereby entitling it to receive a pro rata share of the well's profits).

4. The JOA Parties designated CHK as the default operator to perform well-related operations under each of the JOAs.

5. If CHK consents to participate in a well, then CHK acts as the operator. If CHK does not consent to participate, however, one of the consenting JOA Parties can act as the operator.

6. Slightly more than two years ago, Epsilon sought injunctive relief from this Court when CHK attempted to prevent Epsilon from proposing and drilling new wells in accordance with the JOAs.[1]

7. In the Settlement Agreement the parties executed to resolve the prior litigation, CHK expressly agreed that — ███████████████████
███████████████████████████████████████████

---

[1] The prior litigation was styled as *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, No. 3:18-cv-01852.

███████████████████████████████████
█████████████.

8. In December 2020, Epsilon submitted a proposal in accordance with the JOAs for the drilling and completion of four new wells (the "Proposed Wells").

9. In January 2021, CHK elected not to participate in the Proposed Wells and declined to serve as the operator.

10. However, CHK continuously refuses to cooperate so that Epsilon can drill the Proposed Wells. CHK instead asserts that Epsilon cannot serve as the operator for the Proposed Wells, and refuses to allow Epsilon to access the jointly-owned well pad on which Epsilon intends to drill the Proposed Wells. In essence, CHK asserts that it possesses "veto power" to preclude Epsilon (and any other JOA Party) from drilling any proposed well that CHK does not want to drill.

11. CHK's continuing refusal to cooperate with Epsilon — and, in particular, its refusal to (1) allow Epsilon to access a jointly-owned well pad and (2) sign a letter that Epsilon requires in order to obtain a water permit to use a jointly-owned water source to drill the Proposed Wells — constitutes a violation of the terms of the Settlement Agreement and JOAs and Epsilon is entitled to a declaratory judgment of the same.

12. If not abated, CHK's continuous bad faith noncompliance with the terms of the Settlement Agreement and JOAs threatens to irreparably harm Epsilon's property rights by deteriorating its mineral interests.

WHEREFORE, for the foregoing reasons, and those set forth in the accompanying memorandum of law, Epsilon respectfully requests that this Court enter a preliminary injunction prohibiting CHK from continuing to contravene its obligation to cooperate with Epsilon so that Epsilon can drill the Proposed Wells. A proposed Order of Court is attached.

Dated: April 9, 2021

Respectfully submitted,

/s/ *Gregory J. Krock*
Gregory J. Krock
Pa. I.D. No. 78308
Elizabeth M. Thomas
Pa. I.D. No. 322002

MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000 (Telephone)
(412) 667-6050 (Facsimile)
gkrock@mcguirewoods.com
ethomas@mcguirewoods.com

Jonathan T. Blank
*Pro Hac Vice Request Forthcoming*
MCGUIREWOODS LLP
652 Peter Jefferson Parkway
Suite 350

Charlottesville, VA 22911
(434) 977-2500 (Telephone)
(434) 980-2222 (Facsimile)
jblank@mcguirewoods.com

*Counsel for Plaintiff*
*Epsilon Energy USA, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Motion for Preliminary Injunction** has been served on served upon the following by mail, this 9th day of April 2021:

Corporate Representative
Chesapeake Appalachia, LLC
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

/s/ Gregory J. Krock

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPSILON ENERGY USA INC., | |
| Plaintiff, | |
| v. | Civil Action No. |
| CHESAPEAKE APPALACHIA, LLC, | Judge |
| Defendant. | |

## ORDER OF COURT

AND NOW, on this ___ day of _____, 2021, upon consideration of the Motion for Preliminary Injunction filed by Plaintiff Epsilon Energy USA, Inc. ("Epsilon"), and any responses thereto, it is hereby **ORDERED** that said Motion is **GRANTED** as follows:

1. Defendant Chesapeake Appalachia, LLC ("CHK") shall not interfere with Epsilon's preparation, operation, or drilling of the Proposed Wells, including interference with Epsilon's access to the well pad and access to water facilities.

2. CHK shall cease the development of the Koromlan Well as currently proposed.

3. CHK shall immediately sign the SRBC commitment letter that it received from Epsilon on February 9, 2021.

4. In the event that CHK elects not to participate in any additional wells that Epsilon has proposed and declines to serve as the operator, CHK shall take all

1

actions necessary to cooperate with Epsilon — including (but not limited to) assisting with permitting and providing access to and use of co-owned assets — so that Epsilon can drill those wells.

5. This injunction will remain in effect until further order of this Court.

6. A full evidentiary hearing on this matter is scheduled for _____, 2021, at _____ .m.

7. An injunction bond in accordance with Rule 65 of the Federal Rules of Civil Procedure is hereby set at $_____ in the event that CHK is found to be wrongfully enjoined.

_____
UNITED STATES DISTRICT JUDGE