**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EPSILON ENERGY USA INC., | |
| Plaintiff, | |
| | Civil Action No. |
| v. | Judge |
| CHESAPEAKE APPALACHIA, LLC, | |
| Defendant. | |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO CONDUCT LIMITED EXPEDITED DISCOVERY**

Plaintiff Epsilon Energy USA Inc. ("Epsilon"), by and through its undersigned counsel, files this Brief in Support of the Motion for Leave to Conduct Limited Expedited Discovery (the "Motion") with Defendant Chesapeake Appalachia, LLC ("CHK"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

On April 9, 2021, Epsilon filed a Complaint and Motion for Preliminary Injunction arising out of CHK's continuing breach of the parties' Joint Operating Agreements ("JOAs") and a Settlement Agreement and Release ("Settlement Agreement") signed in October 2018. Under those agreements, if CHK elects not to participate and serve as the operator for a new oil and gas well that Epsilon has proposed, then CHK must cooperate so that Epsilon can drill that well. CHK breached and continues to breach the agreements by refusing to allow Epsilon access

to jointly-owned property under the JOAs, thereby preventing Epsilon from beginning to drill four wells that it has proposed (but in which CHK does not wish to participate). Epsilon seeks a preliminary injunction to maintain the status quo and avoid irreparable harm.

In order to fully ascertain the gravity of CHK's actions, Epsilon needs to explore CHK's considerations in denying Epsilon the right to access jointly-owned assets. In addition, CHK has suggested that it intends to drill a different well in 2022 that will be close to one of the wells that Epsilon proposed. Because CHK will not commence operations on its proposed well for more than a year after Epsilon sought to drill its well, Epsilon believes that CHK did not propose its well in good faith, but instead proposed the well in an improper attempt to obstruct Epsilon's efforts to drill its previously-proposed wells.

## II.   FACTUAL BACKGROUND

Epsilon and CHK are parties, among others, to certain JOAs in which several oil and gas companies have combined their oil and gas interests so as to more efficiently develop their property rights. In September 2018, Epsilon filed a complaint against CHK in this Court styled as *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, No. 3:18-cv-01852. Among the allegations in that suit, Epsilon asserted that CHK failed to follow the JOAs election processes in an attempt to thwart Epsilon's efforts to propose and drill new wells. Epsilon sought

declaratory and injunctive relief. Before an injunction hearing occurred, the parties resolved the matter and subsequently signed the Settlement Agreement on October 8, 2018. Under the Settlement Agreement, CHK agreed that in circumstances such as those raised in the Complaint, it would cooperate with Epsilon as the operator so that Epsilon could drill its proposed wells.

In December 2020, Epsilon proposed four new wells in accordance with its rights under the JOAs. CHK elected not to participate and declined to serve as the operator for the wells. However, CHK did not cooperate so that Epsilon could drill the wells. Instead, CHK asserted that Epsilon could not proceed with the wells and refused Epsilon access to the jointly-owned well pad and water resources that Epsilon needs to drill the wells. CHK also proposed plans to drill a well sometime in 2022 that could conflict with one of the wells that Epsilon has proposed.

On April 9, 2021, Epsilon filed a Complaint and Motion for Preliminary Injunction. Epsilon alleges that CHK's refusal to cooperate constitutes a material breach of both the Settlement Agreement and the JOAs that supports a declaratory judgment and injunctive relief. Because CHK's misconduct threatens to prevent Epsilon from proceeding with its proposed wells and irreparably harming Epsilon's oil and gas rights, Epsilon seeks preliminary injunctive relief.

## III.   ARGUMENT

This Court has broad discretion to manage the timing of discovery, especially where expedited discovery is requested for a preliminary injunction hearing. *See* Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court order"). Courts typically apply a "good cause" standard to assess a request for expedited discovery. *See Canal Street Films v. Does 1–22*, Civ. No. 1:13-CV-0999, 2013 WL 1775063, at \*2 (M.D. Pa. Apr. 25, 2013) ("[T]he recent trend among courts in this circuit favors the 'good cause' or reasonableness standard.'"). "Good cause exists where the 'need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Strike 3 Holdings, LLC v. Doe*, CV 20-5123-KSM, 2020 WL 6342770, at \*1 (E.D. Pa. Oct. 29, 2020) (citing *Canal Street Films*, 2013 WL 1775063, at \*3).

Federal courts have routinely concluded that good cause exists to expedite discovery in the preliminary injunction context. *See, e.g.*, Advisory Committee Notes to Fed. R. Civ. P. 26(d)(1) ("Discovery can begin earlier [than the Rule 26(f) conference] if authorized . . . by . . . order . . . . This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."); *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at \*10 n.22 (W.D. Pa. Apr. 3, 2008) ("Situations where good cause is frequently found include when a party seeks

a preliminary injunction . . . ."); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").

Indeed, such discovery "before the preliminary injunction hearing . . . better enable[s] the court to judge the parties' interests and respective chances for success on the merits." *Educata Corp. v. Scientific Computs., Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting expedited discovery); *see also Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, No. 2:14-CV-242, 2014 WL 2565675, at *2 (M.D. Fla. June 6, 2014) (granting expedited discovery before preliminary injunction where plaintiff asserted the "discovery would facilitate the management of the action, conserve the resources of the Parties and the Court, and move the case toward an earlier disposition without prejudice to Defendants.").

Here, Epsilon has sought a preliminary injunction to prevent CHK's continued breaches of the Settlement Agreement and JOAs and from causing irrepable harm to Epsilon's unique property rights. Epsilon has narrowly tailored its expedited requests to issues at the preliminary injunction hearing to present its claims and "chance for success on the merits." For this Court's review, Epsilon's proposed expedited discovery requests are attached as Exhibit A.

In particular, the requests cover documents and communications related to CHK's well proposal, Epsilon's well proposals, the underlying JOAs and their terms, and analogous drilling proposals in which wells were drilled even though not all of the parties to the JOAs had agreed to participate in the well. These requests are relevant to Epsilon's assertion that CHK has failed to act in good faith in conducting itself as the operator under the JOAs and as a cooperative partner under the Settlement Agreement. All of the information that Epsilon seeks will be relevant to demonstrate that CHK breached its obligations under the Settlement Agreement and JOAs.

Epsilon is willing to confer and cooperate with CHK to facilitate discovery and the search for relevant documents. CHK would not be prejudiced by this request because the relevant documents are currently in its possession and will be gathered for the preliminary injunction hearing. Further, asking for a prompt production of such documents, which would be discoverable during the general discovery period, at most asks for a more prompt production. Such timing should not rise to the level of prejudice. Finally, to the extent this Court requires, CHK can likewise serve the same narrowly tailored and limited requests for production on Epsilon.

The expedited discovery that Epsilon seeks is reasonable in scope and equally afforded to all parties. Further, the information sought by expedited discovery is crucial to Epsilon's prosecution of this case and is highly relevant to the issues at the

6

preliminary injunction hearing.  In particular, the requested discovery is necessary to ascertain the extent of CHK's contractual breaches and failure to act in good faith. Moreover, the expedited written discovery will enable this Court to tailor an appropriate injunction that will maintain the status quo and protect Epsilon's interests pending a trial on the merits.  Accordingly, Epsilon requests authorization to conduct the above expedited discovery.

## IV.   CONCLUSION

For the foregoing reasons, Epsilon respectfully requests that the Court grant this Motion and allow Epsilon to serve its expedited discovery requests.  A proposed Order of Court is attached.

Dated: April 9, 2021                           Respectfully submitted,

                                               /s/ Gregory J. Krock
                                               Gregory J. Krock
                                               Pa. I.D. No. 78308
                                               Elizabeth M. Thomas
                                               Pa. I.D. No. 322002

                                               MCGUIREWOODS LLP
                                               Tower Two-Sixty
                                               260 Forbes Avenue, Suite 1800
                                               Pittsburgh, PA 15222-3142
                                               (412) 667-6000 (Telephone)
                                               (412) 667-6050 (Facsimile)
                                               gkrock@mcguirewoods.com
                                               ethomas@mcguirewoods.com

                                               Jonathan T. Blank
                                               *Pro Hac Vice Request Forthcoming*
                                               MCGUIREWOODS LLP
                                               652 Peter Jefferson Parkway
                                               Suite 350
                                               Charlottesville, VA 22911
                                               (434) 977-2500 (Telephone)
                                               (434) 980-2222 (Facsimile)
                                               jblank@mcguirewoods.com

                                               *Counsel for Plaintiff*
                                               *Epsilon Energy USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

**Brief in Support of the Motion for Leave to Conduct Limited Expedited**

**Discovery** has been served on served upon the following by mail, this <u>9th day of</u>

<u>April 2021</u>:

Chesapeake Appalachia, LLC
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

/s/    *Gregory J. Krock*
Gregory J. Krock