# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EPSILON ENERGY USA, INC., | : | Civil No. 1:21-CV-00658 |
| Plaintiff, | : | |
| v. | : | |
| CHESAPEAKE APPALACHIA, LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a diversity action brought by one oil and gas company against another oil and gas company based on the defendant's alleged breach of several joint operating agreements between the parties as well as a settlement agreement between the parties from a previous case in this district. The case is presently before the court on a motion for expedited discovery filed by Plaintiff Epsilon Energy USA, Inc. ("Epsilon"). (Doc. 5). For the reasons that follow, the motion is denied.

## PROCEDURAL HISTORY

Given the expedited nature of this case and the fact that this is the third opinion issued by the court in eight days, the court has not included a factual background section in this opinion. A complete factual background can be found in the court's two previous opinions. (*See* Docs. 35, 44.)

Epsilon filed the instant case on April 9, 2021, and filed motions for preliminary injunction and expedited discovery on the same day. (Docs. 4–5, 7.)

1

On April 12, 2021, the court scheduled a status conference for April 19, 2021. (Doc. 13.) Prior to the conference, Epsilon filed a letter brief on its request for preliminary injunctive relief requiring Chesapeake to sign a commitment letter that would be sent to the Susquehanna River Basin Commission ("SRBC").[1] (Doc. 15.) The court accordingly set an expedited schedule for an opposition letter brief and reply letter brief on that issue. (Doc. 16.)

On April 16, 2021, Chesapeake moved to dismiss the case for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7). (Doc. 22.) The motion sought dismissal on the grounds that Epsilon had failed to join the other parties to the joint operating agreements ("JOAs"), which Chesapeake contended were indispensable parties under Federal Rule of Civil Procedure 19. (*Id.*)

The court conducted the scheduled status conference on April 19, 2021, after which the court issued an order that (a) set briefing schedules as to the motion to dismiss, the motion for preliminary injunction, and the motion for expedited discovery; (b) scheduled oral argument on the SRBC Letter issue; and (c) scheduled a preliminary injunction hearing. (Doc. 26.) Chesapeake then filed an

---

[1] This letter brief was filed in conformity with the requirements that the court had previously imposed in *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-CV-00433 (M.D. Pa. filed Mar. 10, 2021).

opposition letter brief on the SRBC Letter issue on April 19, 2021, *see* Doc. 27, and Epsilon filed a reply letter brief on April 20, 2021. (Doc. 29.)

On April 26, 2021, the court denied Chesapeake's motion to dismiss for failure to join an indispensable party, concluding that the absent JOA parties were necessary parties under Federal Rule of Civil Procedure 19(a), but that they were not indispensable parties under Rule 19(b). (Docs. 33–34.) Later that day, the court conducted oral argument on the SRBC Letter issue, and Chesapeake filed a brief in opposition to the motion for expedited discovery. (Doc. 41.)

On April 27, 2021, the court denied Epsilon's request for preliminary injunctive relief on the SRBC Letter issue, concluding that Epsilon had not shown a sufficient likelihood of success on the merits as to its argument that the Wyalusing Creek water source was a jointly owned asset. (Docs. 44–45.) Epsilon has since filed a reply brief in support of its motion for expedited discovery, *see* Doc. 47, making the motion ripe for the court's review.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party generally may not seek discovery "before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Exceptions to this rule may be authorized by court order. *Id.* District courts accordingly have broad discretion to alter the timing of discovery or permit expedited discovery. *Canal St. Films v. Does 1–22*, No. 1:13-CV-00999, 2013 WL 1775063, at *2 (M.D. Pa. Apr. 25, 2013). Courts in this circuit generally apply a good cause standard when considering motions for expedited discovery. *Id.* (citing *Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 WL 1123958, at *2 (M.D. Pa. Apr. 4, 2012)); *accord Strike 3 Holdings, LLC v. Doe*, No. 20-CV-05123, 2020 WL 6342770, at *1 (E.D. Pa. Oct. 29, 2020).

Under the good cause standard, which is sometimes referred to as the reasonableness standard, the moving party has the burden to show that there is good cause for the court to permit expedited discovery "such that the request is reasonable in light of the circumstances." *Leone*, 2012 WL 1123958, at *2 (internal quotation marks omitted) (citing *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-CV-00465, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011)). A moving party generally satisfies the good cause standard when the party shows that its "need for expedited discovery, in consideration of the administration of justice,

outweighs the possible prejudice or hardship" to the non-movant. *Canal St. Films*, 2013 WL 1775063, at *3 (citing *Leone*, 2012 WL 1123958, at *2).

Courts considering whether the good cause standard has been met "should consider the 'entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" *Id.* (quoting *Modern Woman, LLC v. Does I–X*, No. 2:12-CV-04858, 2013 WL 888603, at *2 (D.N.J. Feb. 27, 2013)). As part of this inquiry, the court should consider "the need for discovery, and the breadth of the moving party's discovery requests." *Id.* (quoting *Kone*, 2011 WL 4478477, at *6).

The fact that a party has sought a preliminary injunction is an important factor in considering whether expedited discovery should be permitted. *Leone*, 2012 WL 1123958, at *2 ("Good cause has been found where a party seeks a preliminary injunction . . . ." (citing *Fonovisa, Inc. v. Does 1–9*, No. 07-CV-01515, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008))). A motion for expedited discovery is more likely to be granted when a preliminary injunction hearing is scheduled, particularly when the requested expedited discovery "can help to ensure a clear and focused factual record" for the hearing. *Kone*, 2011 WL 4478477, at *7 (citing *EXL Labs. LLC v. Egolf*, No. 10-CV-06282, 2010 WL 5000835, at *8 (E.D. Pa. Dec. 7, 2010)). Nevertheless, the fact that a preliminary injunction hearing is scheduled is not by itself dispositive and is simply one factor to consider

5

as part of the good cause analysis. *Entm't Tech. Corp. v. Walt Disney Imageering*, No. 03-CV-03546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003)

Assuming the moving party has met its burden to show that there is good cause, a motion for expedited discovery should generally be granted when the requested discovery is "narrowly tailored to fit the needs of a preliminary injunction hearing." *Better Packages, Inc. v. Zheng*, No. 05-CV-04477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006) (citing *Entm't Tech. Corp.*, 2003 WL 22519440, at *3). Conversely, the motion should be denied if "the requests are overly broad and extend beyond the needs of the preliminary injunction." *Id.* (citing *Entm't Tech. Corp.*, 2003 WL 22519440, at *3).

## DISCUSSION

In its motion for expedited discovery and associated brief, Epsilon argues that the court should permit expedited discovery because Epsilon has moved for a preliminary injunction and its discovery requests are narrowly tailored to the needs of the preliminary injunction hearing. (Doc. 8, pp. 5–6.) Epsilon notes that it is seeking "documents and communications related to [Cheapeake's] well proposal, Epsilon's well proposals, the underlying JOAs and their terms, and analogous drilling proposals in which wells were drilled even though not all of the parties to the JOAs had agreed to participate in the well." (*Id.* at 6.) These documents, Epsilon asserts, are relevant to Epsilon's assertions that Chesapeake has not acted

6

in good faith under the terms of the JOAs and the parties' settlement agreement and that Chesapeake has breached those documents. (*Id.*) The documents are therefore relevant to the issue of whether Epsilon has a likelihood of success on the merits at the preliminary injunction hearing. (*Id.*)

Turning to the potential prejudice to Chesapeake, Epsilon argues that Chesapeake would not be prejudiced by a period of expedited discovery because the requested documents are already in Chesapeake's possession and would be gathered by Chesapeake in preparation for the preliminary injunction hearing. (*Id.*) Epsilon further argues that Chesapeake would not be prejudiced because the requested documents would be discoverable during the normal discovery period, and Epsilon's motion "at most asks for a more prompt production," which should not be considered prejudicial to Chesapeake. (*Id.*) Finally, Epsilon argues that Chesapeake would not be prejudiced because Chesapeake would also be able to make expedited discovery requests. (*Id.*)

Chesapeake argues in opposition to the motion that Epsilon having moved for a preliminary injunction is not by itself sufficient for Epsilon to obtain expedited discovery. (Doc. 41, pp. 4–5.) Chesapeake notes that under the standard followed by district courts in this circuit, Epsilon must "demonstrate that the proposed, expedited discovery is reasonable under the circumstances and narrowly tailored to the issues to be tried at a preliminary injunction hearing," and argues

7

that Epsilon fails to meet that standard. (*Id.* at 5.) Specifically, Chesapeake argues that Epsilon's discovery requests are overly broad because they seek evidence extrinsic to the parties' contracts but Epsilon "offers no explanation as to how such extrinsic evidence is reasonable under the circumstances" given that Epsilon has not identified any ambiguities in the contracts that would permit the introduction of extrinsic evidence. (*Id.* at 6.) Chesapeake asserts that the plain language of the contracts is unambiguous and that extrinsic evidence is therefore inadmissible. (*Id.* at 7.) Chesapeake further argues that Epsilon's motion should be denied because Epsilon does not explain the relevance of the information sought. (*Id.* at 9–12.)

In its reply brief, Epsilon provides a lengthy argument as to why there is good cause for expedited discovery. (Doc. 47.) Epsilon distills its argument as follows:

> Good cause exists for the limited and targeted discovery requests because: (1) The interpretation of the JOAs and Settlement Agreements are at issue in this case and under Pennsylvania law, custom in the industry or usage in trade is always relevant and admissible in construing commercial contracts, even where no ambiguity otherwise exists (Discrete Issues Nos. 1 and 2); (2) Extrinsic evidence that would support the conclusion that the Wyalusing Creek water source and impoundments are not exclusively owned by CHK is necessary and discoverable (Discrete Issue No. 3); (3) The circumstances of CHK's Koromlan 107HC Well Proposal should further highlight CHK's breaching of its promise to cooperate with Epsilon.

(*Id.* at 4–5.) Epsilon further argues that Chesapeake "fails to argue that it would befall any prejudice by responding" to Epsilon's discovery requests. (*Id.* at 5.)

8

Having considered Epsilon's motion for expedited discovery in light of the particular circumstances of this case, the court will deny the motion because Epsilon has not met its burden to show that there is good cause for the court to permit expedited discovery. *Leone*, 2012 WL 1123958, at *2. In its nine-page brief in support of its motion, the only argument that Epsilon makes as to why there is good cause for expedited discovery is that Epsilon has moved for a preliminary injunction and its requested discovery is:

> relevant to Epsilon's assertion that [Chesapeake] has failed to act in good faith in conducting itself as the operator under the JOAs and as a cooperative partner under the Settlement Agreement. All of the information that Epsilon seeks will [also] be relevant to demonstrate that [Chesapeake] breached its obligations under the Settlement Agreement and JOAs.

(Doc. 8, pp. 5–6.) Thus, Epsilon's good cause argument amounts to a statement that it has moved for a preliminary injunction, a general summary of its legal claims, and then a conclusory statement that its requested discovery is "relevant" to those claims. Put simply, this is not enough to establish good cause for expedited discovery.

Although Epsilon offers a long and detailed argument in its reply brief as to why there is good cause for the court to permit expedited discovery, that argument is rejected because it was raised for the first time in a reply brief. *See Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa.

9

2004 ("It is improper for a party to present a new argument in [a] reply brief." (quoting *United States v. Medeiros*, 710 F. Supp. 106, 109 (M.D. Pa. 1989))). The purpose of a reply brief is to respond to arguments raised in an opposition brief, not to raise new arguments. *United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) (citing *Medeiros*, 710 F. Supp. at 109); *accord* M.D. Pa. L.R. 7.7 (defining a reply brief as "[a] brief in reply to matters argued in a brief in opposition"). Thus, a moving party cannot support its motion with a sparse argument, wait for the non-moving party to note the sparseness of the argument, and then respond with a reply brief that sets forth the full argument that should have been made in the original supporting brief. That is exactly what Epsilon has done here, and its argument in its reply brief is accordingly rejected.

Therefore, because Epsilon has not met its burden to show that there is good cause for the court to permit expedited discovery, the court will deny the motion for expedited discovery.

## Conclusion

For the foregoing reasons, Epsilon's motion for expedited discovery is denied. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 3, 2021