**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EPSILON ENERGY USA, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 1:21-cv-00658** |
| | : | |
| **CHESAPEAKE APPALACHIA, L.L.C.,** | : | **JUDGE WILSON** |
| | : | |
| **Defendant.** | : | **ELECTRONICALLY FILED** |

**CHESAPEAKE APPALACHIA, L.L.C.'s MEMORANDUM OF LAW
IN OPPOSITION TO EPSILON ENERGY USA, INC.'S
<u>MOTION FOR RECONSIDERATION</u>**

**<u>INTRODUCTION</u>**

Now that Epsilon's unfair tactic and strategy has been stopped, based on the Court's insistence on basic fairness, Epsilon asks that the Court reverse course and visit even more prejudice on Chesapeake. The Court should decline this request. Tellingly, Epsilon fails to cite, or even reference, the heavy burden in the Third Circuit applicable to its reconsideration request. This omission is, again, strategic given that the facts and law do not support reconsideration. Epsilon's attempt to now recharacterize the basis for the Court's May 7, 2021 decision does not justify

reconsideration.[1]

In an end-run of the Court's May 7 decision, Epsilon asks that the Court admit its expert reports into evidence without Chesapeake even being given the limited opportunity for cross examination.  Compounding the prejudice, the attached expert reports go far beyond the purported industry "custom and usage" proffer made during the May 7, 2021 argument.  Despite repeatedly professing that the JOAs are unambiguous, Epsilon's reports attempt to strike at the heart of this litigation: the meaning and intent of the JOAs.  The relief sought by Epsilon would, therefore, inflict even greater prejudice on Chesapeake by removing its ability to challenge the improper, case-specific conclusions of these experts.

Epsilon's Motion for Reconsideration should be denied.

## **BACKGROUND**

On April 9, 2021, Epsilon commenced its second suit regarding the propriety of its well proposals under certain JOAs and an October 2018 Settlement Agreement.  *See* ECF 1.  That same day, Epsilon filed a Motion for Preliminary Injunction seeking a mandatory injunction in the form of an Order compelling

---

[1]  On May 8, 2021, the Court attempted to memorialize its May 7, 2021 ruling regarding Epsilon's untimely expert reports.  *See* ECF 62.  However, while the docket entry outlines the ruling made by the Court, the text of the Order at Docket No. 62 duplicates the Order previously entered at Docket No. 61.  Epsilon filed its Motion for Reconsideration prior to the Clerk correcting this error. Epsilon's Motion ignores the Court's stated reasoning.

Chesapeake to "immediately sign the SRBC commitment letter that it received from Epsilon on February 9, 2021," and, following hearing, an Order removing Chesapeake as Operator and designating Epsilon as Operator to drill four wells on Chesapeake's active Craige Well Pad.  *See* ECF 5.  Further, Epsilon filed a Motion for Expedited Discovery.  *See* ECF 7.

To accommodate Epsilon's requests, the Court, on April 19, 2021, set an expedited briefing schedule on both the SRBC commitment letter issue, Epsilon's request for expedited discovery, and its request for other injunctive relief.  *See* ECF 26.  Since that time, the parties have fully briefed the SRBC water commitment issue, with disposition by the Court on April 27, 2021.  *See* ECF 15, 27, 29, 44. The parties also fully briefed Epsilon's request for expedited discovery, with Court disposition on May 3, 2021.  *See* ECF 8, 41, 47, 50.  Chesapeake timely filed its brief in opposition to Epsilon's Motion for Preliminary Injunction on May 3, 2021. *See* ECF 53.

Following this expedited and full briefing and this Court's argument on April 26, 2021, Epsilon's May 6, 2021 reply brief for the first time (1) provides its new argument regarding Article VI of the JOAs and its response to Chesapeake's long known position; (2) discloses the identity of experts in support of those new arguments regarding the concededly unambiguous JOAs; and (3) provides new argument and extrinsic evidence regarding the March 31, 2010 Epsilon Letter first

3

attached to Chesapeake's April 19, 2021 letter brief.  *See* ECF 55.  On May 7, 2021, Chesapeake filed a Motion to Strike Reply Brief and Bar Admission of Extrinsic Evidence and/or for Continuance of Preliminary Injunction Hearing and supporting brief.  *See* ECF 56, 57.  The Court conducted a fulsome conference on this Motion on May 7, 2021.  *See* ECF 59.

During the May 7 conference, the Court heard argument from the parties on the propriety of Epsilon's untimely disclosures.[2]  Questioning of counsel for Epsilon confirmed, *inter alia*, that the proposed experts had been retained over two months ago, and, while ostensibly being offered for the purpose of "custom and usage," the proposed experts' testimony would go beyond that purpose toward the ultimate intent and meaning of the JOAs at issue.  Based on these revelations, and noting the extensive procedural history of this litigation, the Court described Epsilon's expert disclosure on the eve of the hearing date using words like "problematic," "exceedingly late," and "bordering on unclean hands."  To prevent significant prejudice to Chesapeake, the Court gave Epsilon a choice: (1) go forward with the scheduled hearing on May 11, 2021 *sans* the untimely expert testimony, or (2) continue the hearing to the next available Court date to provide

---

[2]  The May 7, 2021 telephone conference was not transcribed by a court reporter. The representations below are therefore made pursuant to undersigned's good faith recollection and records.

Chesapeake the basic opportunity to review expert reports and to offer rebuttal experts.

Epsilon's Motion for Reconsideration of that ruling now proposes, without leave of court, a third option: admit the proposed experts' reports into evidence at the hearing which, because "Epsilon's experts modified their travel plans and will not attend the hearing on May 11 and 12, 2021," *see* ECF 65 at 7, would deny Chesapeake even a limited opportunity to meaningfully prepare for or cross examine these experts. *See generally* ECF 64, 65. In support of this request, and without permission of the Court, Epsilon attached the reports to its supporting brief rather than waiting for a ruling from the Court.[3] Epsilon seeks to benefit from the Court's review of the expert reports, irrespective of the Court's ruling on the admissibility of the reports. In short, Epsilon hopes that the Court will be unable to ring the bell once it reads the proffered expert reports. This tactic is manifestly unfair and transparent.

---

[3] Epsilon's conduct is consistent with a *modus operandi* of opting to seek forgiveness rather than first seeking permission. Indeed, this injunction litigation was previously delayed by Epsilon's decision to ignore the confirmation order and discharge injunction of the bankruptcy court in *In re: Chesapeake Energy Corporation, et al.*, No. 20-33233 (Bankr. S.D. Tex.) and seek money damages in *Epsilon II*. This decision was made despite Epsilon's recognition of the bankruptcy proceeding, as evidenced by their "Reservation of Rights" filed before the bankruptcy court. (A copy of the Epsilon's March 8, 2021 Reservation of Rights is attached hereto as Exhibit "A.") Epsilon persisted in seeking damages in this Court until ordered by the Bankruptcy court to dismiss *Epsilon II*. (A copy of the Bankruptcy Court's April 8, 2021 Order is attached as Exhibit "B.")

## **ARGUMENT**

"A motion for reconsideration is a device of limited utility." *Sutton v. Cerullo*, No. 10-1899, 2015 WL 1470722, at \*1 (M.D. Pa. Mar. 31, 2015). Indeed, a court should grant a motion for reconsideration only if the party shows: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Campbell v. Balon*, No. 16-779, 2017 WL 4680668, at \*1 (M.D. Pa. Oct. 18, 2017) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa.1995).

Epsilon has not—and cannot—satisfy the standard within this Circuit for reconsideration. So, they declined to cite it. Indeed, there has been no intervening change in the controlling law or new evidence since the Court's ruling a mere two days ago on May 7, 2021. Further, while Epsilon attempts to obscure the rationale for the Court's ruling (and declined to wait for a memorialization of that reasoning), there is no need to correct a clear error of law or prevent manifest injustice. This Court's decision, itself rooted on basic principles of fairness, rests

on solid ground.  Epsilon's Motion for Reconsideration should be denied for at least two reasons.

First, rather than address the Court's justification for its ruling, Epsilon attempts to recast the Court's reasoning in a clear concession that its late disclosure was both strategic and unfair.[4]  As noted above, Epsilon's counsel conceded to the Court that their expert had been retained more than two months ago, prior to filing the Complaint in *Epsilon II*.  Moreover, and as fully apparent through analysis of Epsilon's Reply Brief in Support of its Motion for Preliminary Injunction (ECF 55) in conjunction with its proposed expert reports, Epsilon withheld both the disclosure of its expert reports and argument regarding its interpretation of Article VI.2(a) of the JOAs until days before the long-scheduled hearing to again deny Chesapeake meaningful opportunity to respond and challenge those theories.  *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, No. 21-658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) ("Although Epsilon offers a long and detailed argument in its reply brief as to why there is good cause for the court to permit expedited discovery, that argument is rejected because it was raised for the first time in a reply brief.").  Indeed, despite pleading that the JOAs are

---

[4]  In its supporting brief, Epsilon cites several out-of-circuit district court opinions that Rule 26 of the Federal Rules of Civil Procedure does not impose any pretrial disclosure requirements for expert testimony.  Not binding on this Court, these cases are even less compelling given that Court did not base the exclusion of Epsilon's experts on Rule 26.

8

unambiguous, even a cursory analysis of the attached expert reports demonstrates that they go beyond the "custom and usage" proffer which counsel for Epsilon articulated during the May 7, 2021 and improperly address the ultimate merits of the contract interpretation question.  The Court rightly refused to condone this transparent end run around the bar on extrinsic evidence.

Second, Epsilon's proposed relief does not address, but rather severely compounds, the unfairness which troubled the Court last week.  As noted above, after hearing about Epsilon counsel's months-long collaboration with the proposed experts and the improper content of the expert reports, the Court offered Epsilon a choice to remedy the obvious prejudice to Chesapeake: *either* proceed with the scheduled hearing on May 11, 2021 sans the untimely expert testimony *or* opt to continue the hearing to afford Chesapeake the opportunity to review the disclosures and depose the experts.  The third option which Epsilon elected without leave of court—presentation and admission of the untested expert reports without the opportunity for Chesapeake to even cross-examine their authors—poses even greater prejudice to Chesapeake than existed before the Court's ruling on May 7, 2021. By submitting the reports to the Court now without justification, Epsilon, once again, decided that its interest would be best served by seeking forgiveness instead of permission.  The Motion for Reconsideration should be denied, and the expert opinions should be stricken.

## **CONCLUSION**

Accordingly, Chesapeake Appalachia, L.L.C. respectfully requests that this Court deny Epsilon's Motion for Reconsideration.

Respectfully submitted:

/s/ John B. Dempsey
Daniel T. Brier
John B. Dempsey
Nicholas F. Kravitz
Richard L. Armezzani

Attorneys for Defendant,
Chesapeake Appalachia, L.L.C.

Myers Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
570-342-6100

Date:  May 10, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, John B. Dempsey, hereby certify that a true and correct copy of the

forgoing Memorandum of Law in Opposition to Motion for Reconsideration was

served upon the following counsel of record via the Court's ECF system on this

10th day of May 2021:

> Gregory J. Krock, Esquire
> McGuireWoods LLP
> Tower Two-Sixty
> Pittsburgh, PA  15222
>
> Johnathan T. Blank
> McGuireWoods LLP
> Peter Jefferson Parkway, Suite 350
> Chartlottesville, VA 22911

> /s/ John B. Dempsey
> John B. Dempsey