IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPSILON ENERGY USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHESAPEAKE APPALACHIA, LLC, <br><br> Defendant. | Civil Action No. 1:21-cv-00658 <br><br> District Court Judge Wilson |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR RECONSIDERATION OF DISMISSAL OF
CLAIM FOR DECLARATORY JUDGMENT**

Plaintiff Epsilon Energy USA, Inc. ("Epsilon"), by and through its undersigned counsel, submits the following Memorandum of Law in Support of Motion for Reconsideration of Dismissal of Claim for Declaratory Judgment (the "Motion for Reconsideration").[1]

## I. INTRODUCTION

Respectfully, the Order dismissing the Amended Complaint contains an error for which Epsilon requests reconsideration. In its Amended Complaint, Epsilon asserted (1) a declaratory judgment claim to resolve the parties' dispute involving the proper interpretation of the JOAs and Settlement Agreement and (2) two specific performance claims to force CHK to perform its contractual obligations so that

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Amended Complaint. ECF No. 104.

1

Epsilon can drill three natural gas wells that it had proposed. While the Court concluded that Epsilon's well proposals were invalid because they did not comply with one of the JOA's timing requirements, the Court did not limit its dismissal to the specific performance claims that are based on those proposals. Instead, the Court also dismissed the declaratory judgment claim (which is ***not*** dependent upon the validity of those proposals). The Court should correct this apparently inadvertent error.

The Third Circuit has long held that a plaintiff need not wait until its contracting partner has breached their contract to file a declaratory judgment action to resolve a dispute regarding that contract's interpretation. Instead, the contracting partner's announcement that it will not perform duties that the plaintiff believes to exist gives rise to an actionable declaratory judgment claim. For this reason, the Court's conclusion that the well proposals were invalid only precludes the specific performance claims based upon those proposals. The Court's conclusion does not preclude Epsilon from pursuing a declaratory judgment claim regarding the parties' rights and duties under the JOAs and Settlement Agreement.

In fact, this Court addressed an identical issue in conjunction with Epsilon's motion for preliminary injunction. CHK opposed the injunction because (among other reasons) Epsilon's declaratory judgment claim was not accompanied by a claim alleging that CHK was in active breach of the JOAs and Settlement

2

Agreement.  The Court correctly rejected CHK's argument on the basis that Epsilon is entitled to bring a "a forward-looking claim" for declaratory relief regardless of whether that claim is accompanied by any other contract-related claim.  For the same reason, Epsilon had asserted a justiciable declaratory judgment claim regardless of whether the invalidity of its proposals precluded the specific performance claims from proceeding.  The Court should therefore vacate its erroneous dismissal of Epsilon's declaratory judgment claim.

## II. <u>ARGUMENT</u>

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Further, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  *Klapport v. United States*, 335 U.S. 601, 614-15 (1949).

### A. Reconsideration is Appropriate to Reassess the Procedural Impact of a Substantive Ruling

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  As one court recently explained, "a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought—

3

rightly or wrongly.'" *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (citation omitted). Courts utilize the reconsideration process to reassess a procedural impact of their substantive rulings that they may have overlooked.

For example, the *Jarzyna* court granted a motion for reconsideration to clarify that its substantive ruling required the dismissal of two (rather than just one) of the plaintiff's causes of action. *Id.* at 619-20. The plaintiff asserted that the defendants' efforts to collect debts that he supposedly owed to his landlord violated a number of laws, including Pennsylvania's unfair trade practice (UTPCPL) and fair credit extension (FCEUA) statutes. *Id.* at 614. Because a claim for attorney's fees does not constitute an "ascertainable loss" under the UTPCPL, the trial court dismissed that claim on summary judgment. *Id.* at 617. The court subsequently granted the defendant's motion for reconsideration because the substantive ruling that the only monetary damages available were attorney's fees also required dismissal of the FCEUA claim:

> Just as attorneys' fees alone are insufficient to satisfy the ascertainable loss requirement for a UTPCPL claim, attorneys' fees cannot be the sole basis for an FCEUA claim. Therefore, the Court clearly erred by failing to dispose of Plaintiff's FCEUA claim in its August 13, 2015 order and will grant Home's motion for reconsideration as to Plaintiff's FCEUA claim.

*Id.* at 619-20; *see also Conference Archives, Inc. v. Sound Images, Inc.*, Civil No. 3:2006-76, 2010 WL 11569824, at *1 (W.D. Pa. July 28, 2010) (granting motion for

reconsideration because the substantive ruling required a complete dismissal rather than merely a partial dismissal of plaintiff's claims).

Here, Epsilon does not ask the Court to rethink its ruling that Epsilon's May 2021 proposals to drill the Craige North Wells did not comply with the time periods as set forth in the JOAs. Epsilon instead asks the Court to reconsider that ruling's impact upon the continued viability of its claim for declaratory relief in Count I of the Amended Complaint, an issue not explicitly addressed in the parties' briefs. Accordingly, Epsilon's request for reconsideration is appropriate.

**B.** **The Ruling that the Well Proposals Did Not Comply with the JOA Timing Requirements Did Not Support the Dismissal of Epsilon's Declaratory Judgment Claim**

Although the parties did not address the issue with specificity in their briefs, the Court effectively concluded that—if the well proposals that Epsilon submitted in May 2021 did not comply with the JOAs or had otherwise expired—then all three counts in the Amended Complaint fail as a matter of law. This conclusion is an error of law. Epsilon's request for declaratory relief in Count I was not dependent upon the existence of a valid, current proposal to drill a particular well.

For example, in *Traveler's Insurance Company v. Obusek*, 72 F.3d 1148 (3d Cir. 1995), the Third Circuit ruled that the plaintiff did not have to allege that the defendant was currently violating the statute to obtain a declaration regarding that statute's interpretation. *Id.* at 1154-56. The parties disputed whether Pennsylvania's

5

no-fault motor vehicle statute required an insurance company to pay the "attendant care services" that plaintiff required because of an automobile accident. *Id.* at 1149-52. While the trial court ruled on summary judgment that the insurer did not have to pay for those services if they were provided by the plaintiff's mother, it did not decide whether the services were compensable if provided by a licensed caregiver. *Id.* at 1153. The Third Circuit concluded that the plaintiff did not have to retain a licensed caregiver for her declaratory judgment claim to ripen:

> Although the action cannot be based on a contingency, [ ] the party seeking declaratory relief need not wait until the harm has actually occurred to bring the action. [ ] Thus, in an appropriate circumstance, a litigant can seek a declaratory judgment where the harm is threatened in the future. However, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." [ ] Accordingly, a party need not decide between attempting to meet the nearly insurmountable burden of establishing that the relevant injury is a mathematical certainty to occur, nor must a party await actual injury before filing suit. Erecting such barriers would eviscerate the Declaratory Judgment Act and render the relief it was intended to provide illusory.

*Id.* at 1154 (internal citations omitted). Because the insurance company had unambiguously announced that it would not pay for attendant care services even if provided by a non-family licensed caregiver, the Third Circuit held that the plaintiff had asserted a valid claim for declaratory relief.[2]

---

[2] The Third Circuit further explained: "She needs to know whether attendant care services are an allowable expense under the No-Fault Act if they are administered by a licensed health care professional. She should not have to blindly take the step

In *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454 (3d Cir. 1994), the Third Circuit similarly held that the plaintiff's claim to declare a statute unconstitutional was ripe even though the state had not yet enforced the statute against him. *Id.* at 1468-70. Several churches and a pastor alleged that the statute, which prohibited (among other conduct) printing or circulating any statement in an attempt to limit employment opportunities based on an individual's sexual orientation, was unconstitutional. *Id.* at 1459-60. Although the state's affidavit attesting that it would not enforce the statute against religious organizations precluded the churches' claims, the Third Circuit held that the pastor had asserted a ripe claim for declaratory relief in his individual capacity. *Id.* at 1468-70. His claim was cognizable because the pastor alleged an intention to continue to engage in allegedly prohibited speech, the claim involved a facial challenge that did not require factual development, and resolving the dispute would provide the parties with useful relief. *Id.* at 1468 ("[W]e see no reason why disposition of this case could not conclusively determine the largely legal issues at stake. Factual development would not add much to the plaintiffs' facial challenges to the constitutionality of the statute.").[3]

---

of incurring an expense that Traveler's may be legally obligated to assume before being told if she has stepped in a hole." *Id.* at 1155-56.

[3] *See also In re Downingtown Indus. & Agric. Sch. v. Commonwealth of PA. Dep't. of Educ.*, 172 B.R. 813, 819 (Bankr. E.D. Pa. 1994) (citing *Hardware Mutual Casualty Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the

Similarly, Epsilon's request for declaratory relief regarding its rights under the JOAs and Settlement Agreement is not dependent upon CHK's breach with respect to any particular well proposal. Instead, the request for declaratory relief sets forth a ripe controversy even if no proposal is pending. The claim for declaratory relief satisfies all three factors associated with a ripe controversy:

- First, an adversity of interests exists because Epsilon has repeatedly proposed new wells since 2018, and CHK has repeatedly responded that the JOAs afford CHK the power to "veto" those proposed wells. *See* Amend. Compl., ECF No. 104, at ¶¶ 38-40, 78-106, 128-30, 145-54.

- Second, the requested declaratory judgment will conclusively resolve the dispute regarding the interpretation of the JOAs and the Settlement Agreement set forth in the Amended Complaint. *See id.* at ¶¶ 145-54. Because this dispute merely requires the Court to interpret the JOAs, it is not dependent upon the terms of any particular well proposal.

- Third, the requested declaratory judgment will be useful in that it will materially affect the parties' future conduct under the JOAs and Settlement Agreement.

The Court recognized that its ruling will likely result in Epsilon reproposing the wells and filing another virtually identical lawsuit. ECF No. 121, at 26 (noting that Epsilon has the "right to file a new lawsuit based upon new proposals made after this opinion."). While new proposals may be required to assert claims for specific

---

Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty.")).

8

performance (Counts II and III), the law is clear that they are not required to assert a claim for declaratory relief.[4]

In fact, this Court previously recognized that Epsilon could pursue its claim for declaratory relief in the absence of any breach of contract claim. In opposing the motion for preliminary injunction, CHK argued that Epsilon's claim for declaratory relief must be "tied to" a claim for breach of the JOAs or the Settlement Agreement. *See* ECF No. 80, at 18. The Court noted that "[t]he jurisdictional question that the court must answer is whether a hypothetical coercive judgment action could be brought between the same parties that would itself present a judiciable case or controversy." *Id.* at 22. Even though Epsilon had dismissed its "backward-looking breach of contract claim at the direction of the Bankruptcy Court," this Court concluded that Epsilon had nevertheless brought a "forward-looking claim" for declaratory and injunctive relief. *Id.* at 22-23 (noting that "there is [ ] a case or controversy that could give rise to a coercive judgment action between the parties,

---

[4] Dismissing the entire complaint when the defendant's arguments only support partial dismissal constitutes reversible error. *See, e.g., Jota v. Texaco*, 157 F.3d 153, 162 (2d Cir. 1998) (reversing the dismissal of the entire complaint for failure to join an indispensable party, noting that "since much of the relief sought could be fully provided by Texaco without any participation by Ecuador, dismissal of the entire complaint on Rule 19 grounds exceeds that discretion"); *Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1543 (11th Cir. 1994) ("The district court dismissed the entire complaint, which includes claims against the County under 42 U.S.C. §§ 1982 and 1983. The defendants have not briefed whether a proper claim was stated under these statutes, and accordingly we reinstate the claim.").

9

and this is sufficient for the court to exercise jurisdiction over Epsilon's declaratory judgment claim.").

Finally, the prejudice that would occur from the dismissal of Epsilon's declaratory judgment claim is manifest. The Court's ruling necessarily implies that the declaratory judgment claim can only proceed so long as one of Epsilon's well proposals remain pending. However, CHK can cause Epsilon's well proposals to expire by refusing to cooperate—in breach of the JOAs and Settlement Agreement—so that Epsilon will be unable to commence operations on its proposed new wells within 90 days after the election period concludes. Epsilon can continue to re-propose the Craige North Wells, and continue to file declaratory judgment claims based on those re-proposals, but will ***never*** commence operations within 90 days as a result of CHK's misconduct. If the Court must dismiss the declaratory judgment claim when the proposals expire, then the Court will ***never*** resolve the declaratory judgment claim. This circuitous and impermissible result is unjust.[5]

---

[5] CHK repeatedly argued during the preliminary injunction proceedings that the fact that Epsilon can re-propose any proposals that expire precluded any finding of irreparable harm. *See* CHK Letter Brief dated April 19, 2021, ECF No. 28, at 3; Memorandum of Law in Opposition to Epsilon Energy USA, Inc.'s Motion for Preliminary Injunction, ECF No. 53, at 9, 25. At no time did CHK argue that the expiration of any proposal would require the Court to dismiss Epsilon's entire lawsuit, including its claim for declaratory relief.

C.  **Epsilon Reserves Its Right to Appeal**

As set forth above, Epsilon has not addressed issues outside of those appropriate for reconsideration. Granting the Motion for Reconsideration will make the other issues addressed in the Memorandum and Order granting CHK's motion to dismiss (ECF Nos. 121 and 122) unappealable until there is a final judgment.

Epsilon reserves its right to appeal other issues raised in the Memorandum and Order granting CHK's motion to dismiss in the event that (1) the Court denies the Motion for Reconsideration or (2) the Court enters a final judgment, after granting the Motion for Reconsideration, that renders an appeal appropriate. Under Rule 4(A)(VI) of the Federal Rules of Appellate Procedure, the filing of a motion for reconsideration tolls the time for appeal while the motion is pending if it is filed within 28 days of the Order to which the motion relates. Epsilon has filed its Motion for Reconsideration within 28 day of the Court's ruling on the motion to dismiss.

### III.  CONCLUSION

Epsilon respectfully requests that the Court reconsider its ruling granting CHK's motion to dismiss, vacate that ruling to the extent that it dismissed Epsilon's claim for declaratory relief set forth in Count I of the Amended Complaint, and reopen this matter to proceed on that claim.

Dated: October 4, 2021                    Respectfully submitted,


                                          /s/    *Gregory J. Krock*
                                          Gregory J. Krock
                                          Pa. I.D. No. 78308
                                          MCGUIREWOODS LLP
                                          Tower Two-Sixty
                                          260 Forbes Avenue, Suite 1800
                                          Pittsburgh, PA 15222-3142
                                          (412) 667-6042 (Telephone)
                                          (412) 667-6050 (Facsimile)
                                          gkrock@mcguirewoods.com

                                          Elizabeth M. Thomas
                                          Pa. I.D. No. 322002
                                          MCGUIREWOODS LLP
                                          Fifth Third Center
                                          201 North Tryon Street, Suite 3000
                                          Charlotte, NC 28202
                                          (704) 373-8060 (Telephone)
                                          (704) 343-2300 (Facsimile)
                                          ethomas@mcguirewoods.com

                                          Jonathan T. Blank
                                          Admitted *Pro Hac Vice*
                                          MCGUIREWOODS LLP
                                          323 Second Street SE
                                          Suite 700
                                          Charlottesville, VA 22902
                                          (434) 977-2500 (Telephone)
                                          (434) 980-2222 (Facsimile)
                                          jblank@mcguirewoods.com

                                          *Counsel for Plaintiff*
                                          *Epsilon Energy USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Memorandum of Law in Support of Motion for Reconsideration of Dismissal of Claim for Declaratory Judgment** has been electronically served on the parties via the CM/ECF filing system.

*/s/ Gregory J. Krock*
Gregory J. Krock