IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EPSILON ENERGY USA, INC., | : |
| Plaintiff, | : |
| v. | : NO. 1:21-cv-00658 |
| CHESAPEAKE APPALACHIA, L.L.C., | : JUDGE WILSON |
| Defendant. | : ELECTRONICALLY FILED |

## CHESAPEAKE APPALACHIA, L.L.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SURREPLY

### INTRODUCTION

To aid in the Court's determination of Epsilon Energy USA, Inc.'s Motion for Reconsideration, Chesapeake Appalachia, L.L.C. respectfully requests leave to file a Surreply to Epsilon's Reply Brief.

### ARGUMENT

Local Rule 7.7 states that, following a reply brief, "[n]o further briefs may be filed without leave of court." To that end, "[a] Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013); *Isley v. Beard*, No. 02-2006, 2010 WL 1329995, at *3 (M.D. Pa. Mar. 30, 2010)[1]

---

[1] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

(granting defendants' motion for leave to file surreply to "allow Defendants the opportunity to address the claim raised . . . [in plaintiff's] reply brief"); *Hess Fence & Supply Co. v. U.S. Fid. & Guar. Co.*, No. 04-2648, 2006 WL 3325445, at *2 (M.D. Pa. Oct. 12, 2006) (granting leave to file surreply where plaintiff made new arguments for first time in reply brief). Given the content of Epsilon's Reply Brief, this standard is satisfied in the instant matter.

While Epsilon previously asserted that the May 14, 2021 Memorandum Opinion held that its declaratory judgment claim was independent of active well proposals, it argues for the first time in its Reply Brief that this erroneous[2] interpretation of the Court's holding is "law of the case." *See* ECF 126 at 4 ("Epsilon is merely relying on this Court's prior decision, which became law of the case that Epsilon had no reason to believe would be reconsidered.").

Moreover, Epsilon again attempts to shift responsibility for its failure to argue that its declaratory judgment claim was independent of any active well proposals. Epsilon argues in the Reply Brief that its failure is excusable because *Chesapeake* did not argue the case should be dismissed following the Court's May

---

[2] Epsilon confuses the Court's holding on May 14, 2021. In that Memorandum Opinion, the Court held that Epsilon's declaratory judgment claim did not require any underlying substantive breach of contract claim, not that its declaratory judgment claim was not coupled to active well proposals. *See generally* ECF 80 at 22 ("[T]he fact that the breach of contract claim was dismissed does not preclude Epsilon from bringing a declaratory judgment action.").

2

14, 2021 Memorandum Opinion. Epsilon's argument mischaracterizes the procedural history of this case. When the Court entered its Memorandum Opinion on May 14, 2021, there was no motion to dismiss pending because Chesapeake had filed its Answer to the Complaint on May 11, 2021. See ECF 72. Promptly following the Court's Memorandum Opinion, Epsilon sought and was granted leave to file an amended complaint based on new May 26, 2021 Well Proposals. *See* ECF 96, 97.

Epsilon's arguments implicate a previously-unaddressed doctrine of law, mischaracterize the procedural history of the case, and merit a brief Surreply.

## **CONCLUSION**

For the reasons set forth herein, Chesapeake respectfully requests leave to file a brief Surreply concerning the above, discrete arguments.

Respectfully submitted:

/s/ John B. Dempsey
Daniel T. Brier
John B. Dempsey
Nicholas F. Kravitz
Richard L. Armezzani

Attorneys for Defendant,
Chesapeake Appalachia, L.L.C.

Myers Brier & Kelly, LLP
425 Birden Street, Suite 200
Scranton, PA 18503
570-342-6100

Date: November 9, 2021

# CERTIFICATE OF SERVICE

I, John B. Dempsey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Leave to File a Surreply was served upon the following counsel of record via the Court's ECF system on this 9th day of November 2021:

>Gregory J. Krock, Esquire
>Elizabeth M. Thomas, Esquire
>McGuireWoods LLP
>Tower Two-Sixty
>Pittsburgh, PA  15222
>
>Johnathan T. Blank, Esquire
>McGuireWoods LLP
>Peter Jefferson Parkway, Suite 350
>Charlottesville, VA 22911
>
>Yasser A. Madriz, Esquire
>McGuire Woods LLP
>JPMorgan Chase Tower
>600 Travis Street
>Suite 7500
>Houston, TX 77002-2906

>/s/ John B. Dempsey
>John B. Dempsey